## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

     Plaintiff/ Respondent,

v.                         Case No. 04-CR-076-JFH-002

MATTHEW ALAN BLODGETT,

     Defendant/ Movant.

## ORDER

Now before the Court is the "Motion for Compassionate Release or Home Confinement, Due to Extraordinary and Compelling Circumstances Under 18 U.S.C. § 3582(c)(1)(A) and The Cares Act" (the "Motion") filed by Defendant Matthew Alan Blodgett ("Defendant"). Dkt. No. 104. The Government filed an objection to Defendant's Motion. Dkt. No. 109. Defendant did not file a reply, and the time for doing so has passed.

Defendant is a 38-year-old prisoner at FCI Forrest City Low, a Bureau of Prisons ("BOP") facility in Arkansas.[1] Defendant claims he has several pre-existing health conditions, and he expresses concerns about "severe complications and possible death" due to the outbreak of COVID-19 within his facility. Dkt. No. 104 at 1-3. He notes that he had viral pneumonia at age five. *Id*. at 2. He was later "diagnosed with a blood clot, and adult-form leukemia" at age eight, and he received a bone marrow transplant, chemotherapy, and radiation treatments. *Id*. In addition, Defendant claims he is anemic, suffers from hepatitis, was diagnosed with an enlarged heart, has lasting respiratory and endocrine issues and an irregular heartbeat due to treatment(s), and has "cholesterol issues due to a lifetime of testosterone injections." *Id*. at 2-3. If released, he intends to live and work in Houston, Texas. *Id*. at 6.

---

[1]   Defendant's projected release date is March 3, 2028. *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited December 3, 2020).

The First Step Act, effective December 21, 2018, authorizes a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."[2]  18 U.S.C. § 3582(c)(1)(A); *see also* First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018).  Nevertheless, the statute provides that the Court:

> *may not modify* a term of imprisonment once it has been imposed *except that . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

In the instant case, the Government contends the Court may not consider Defendant's Motion.  Dkt. No. 109 at 3.  The Government notes that Defendant does not claim to have exhausted his administrative remedies, and that the BOP "has confirmed . . . that it has not received a CARES Act request for compassionate release from [Defendant]."  *Id*.  Of significant importance, the Government argues that "[t]he requirement of a 30-day period to afford BOP the initial review of Defendant's petition . . . cannot be excused."  *Id.*  The Government further argues, "Defendant has failed to meet his burden of proving he has exhausted his administrative remedies," "his motion must be dismissed without prejudice," and that the Court cannot direct the BOP "to place Defendant in home confinement."[3]  *Id*. at 6.  This Court agrees.

Defendant has provided no evidence that he made a request for compassionate release to the warden of his facility.  Section § 3582 authorizes this Court to modify a term of imprisonment, upon a motion filed by a defendant, after a defendant has complied with the statute's exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Read-Forbes*, No. 12-20099-

---

[2]  Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons.

[3]  The Court has no authority to direct the BOP to release Defendant to home confinement.  The BOP is solely responsible for determining an inmate's place of incarceration.  Title 18 U.S.C. § 3624(c)(2), for example, permits the Director of the BOP to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," and the CARES Act, enacted on March 27, 2020, provides that the Director "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2).  *See* Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).

01-KHV, 2020 WL 1888856, at *4 (D. Kan. Apr. 16, 2020) ("Because defendant has not shown that she has exhausted administrative rights or that 30 days have passed since the warden received her request, the Court lacks jurisdiction to hear her request under Section 3582(c)(1)(A)."); *United States v. Heath*, No. CR-13-102-SLP, 2020 WL 1957916, at *2 (W.D. Okla. Apr. 23, 2020) (collecting cases); *United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *3 (D. Wyo. May 13, 2020) (collecting cases).[4]  *See also United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) ("Preventing prisoners from charging straight to federal court serves important purposes.  It ensures that the prison administrators can prioritize the most urgent claims.  And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist.  These are not interests we should lightly dismiss or re-prioritize.").

When a sentence reduction is not authorized by Section 3582, dismissal for lack of jurisdiction rather than denial is the appropriate disposition.  *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013).  Defendant must comply with the Section 3582(c)(1)(A) exhaustion requirement before filing a motion for compassionate release with this Court.  Defendant's Motion for Compassionate Release or Home Confinement, Due to Extraordinary and Compelling Circumstances Under 18 U.S.C. § 3582(c)(1)(A) and The Cares Act [Dkt. No. 104] is **DISMISSED** without prejudice for lack of jurisdiction.

DATED this 15th day of December, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[4] "[D]istrict court opinions have persuasive value only and are not binding as a matter of law." *United States v. Worthon,* 520 F.3d 1173, 1179–80 (10th Cir. 2008).